Opinion by
Delaney, J.
§ 813. Failure of railroad company to provide sufficient stock pens; damages recoverable in such case; didy of party to prevent injury to his property; case stated. Appellees shipped from Milheim to Fort Worth, Texas, two hundred and forty head of cattle on appellant’s line of road. The train was delayed six hours, and the cattle, in consequence of such delay, arrived at Fort Worth after dark. Appellant’s cattle pens at Fort Worth were small, not being sufficiently large to hold all of appellees’ cattle. Appellant had promised to deliver the cattle at Fort Worth in daylight. When it was ascertained that they would not reach there until after dark, appellees requested the agent of appellant to procure the pens of another company at the depot which were large enough to hold the cattle. This request was refused, and the cattle were driven into the small pens of appellant until they were trampling each other to death, when appellees opened the gates and let them out. They endeavored to herd them during the night, but many of them escaped into the woods. Eleven head were entirely lost, and one was killed in the pen. They brought this suit *719 to recover the value of the cattle lost and killed, $220; money expended in searching for the lost cattle, $65; and their own time lost in said search, $50, and recovered judgment for these amounts. Held: The damages claimed are not remote. The trial judge found as a fact that, “by reason of the failure of the defendant to provide sufficient pens at the point of destination of said cattle, it became necessary, in order to prevent considerable damage to said cattle, and to complete the unloading of said cattle, to turn them out on the commons in the night-time.” In Field on Damages, sec. 21, the rule is stated thus: “ It is the duty of a party to protect himself from the injurious consequences of the wrongful act of another, if he can do so by ordinary effort and care, or at moderate expense, for which effort and expense he may charge the wrong-doer. And when by the use of such means he may prevent loss, he can only recover for such loss as could not thus be prevented.” We have no doubt that appellees acted properly in turning their cattle out of the pens', and that the loss unavoidably resulting from their act was properly chargeable to the appellants.
May 11, 1885.
§ 814. Notice of damage not required, when. Appellants pleaded a special contract of affreightment, one of the conditions of which was, that appellees should give notice in writing, etc., of damage sustained, if any, before taking the cattle away from the place of delivery, etc., and that appellees had failed to give such notice. Held: The default of the appellant rendered it impossible for appellees to comply with this condition of the contract, even if they had desired to do so. And under the evidence, to allow appellant to insist upon this condition would be to enable it to stipulate against the consequences of its own misconduct, which would be contrary to law.
Affirmed.